IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 20-CV-1162

| | |
|---|---|
| VANESSA NARIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| NATIONAL ONDEMAND, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Plaintiff Vanessa Nario ("Ms. Nario"), complaining of Defendant National OnDemand, Inc. ("Defendant"), alleges and says the following:

## INTRODUCTION

1. This is an action to recover damages and civil penalties arising from Defendant's discharge of Ms. Nario in retaliation for her reports of Defendant's misconduct related to its I-9 verification and business registration practices, expressly stating that Ms. Nario was being fired for "trying to find problems with the company." Defendant's actions towards Ms. Nario were done in violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h) ("FCA") and constitute a wrongful discharge under the common law of North Carolina.

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this action under 28 U.S.C. § 1331 and 31 U.S.C. § 3732.

3. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

1

4. This Honorable Court has personal jurisdiction over Defendant because Defendant conducts business in the State of North Carolina.

5. This Honorable Court should assume supplemental jurisdiction of Ms. Nario's state law claim pursuant to 28 U.S.C. § 1367(a) because this claim is based upon the same operative facts as the FCA claims over which this Honorable Court has jurisdiction and judicial economy, convenience, and fairness to the parties demand that this Honorable Court assume and exercise jurisdiction over the claims alleged herein.

6. Venue is proper in this Honorable Court under 28 U.S.C. § 1391(c) because Defendant maintains its business within this judicial district, transacts business within this judicial district, and committed acts complained of within this judicial district.

## PARTIES

7. Ms. Nario is a resident of Durham County, North Carolina. She was employed as a Human Resources Specialist with Defendant from June 29, 2020 through July 21, 2020.

8. Defendant is an Indiana corporation with its principal place of business in Burlington, North Carolina.

9. Defendant regularly and systematically conducts business in the State of North Carolina.

10. At all times relevant to this action, Defendant was an "employer" under the FCA and North Carolina common law.

## FACTS

11. Defendant hired Ms. Nario as a Human Resources Specialist on June 29, 2020.

12. At the time Defendant hired Ms. Nario, she had a bachelor's degree from North Carolina State University and an Associate Professional in Human Resources Certification.

13. One of Ms. Nario's responsibilities as a Human Resources Specialist was to onboard both W-2 and 1099 workers for Defendant.

14. In order to complete the onboarding process, Ms. Nario was legally required to certify each prospective employee's I-9, the federal form that verifies an individual is legally eligible to work in the United States.

15. In order to certify an I-9, an employer's representative is required to physically examine the required documents and "attest, under penalty of perjury, that (1) I have examined the document(s) presented by the above-named employee, (2) the above-listed document(s) appear to be genuine and to relate to the employee named, and (3) to the best of my knowledge the employee is authorized to work in the United States."

16. On July 16, 2020, Defendant asked Ms. Nario to certify an I-9 using a photograph of the prospective employee's birth certificate.

17. Ms. Nario could not verify the authenticity of the birth certificate based solely on a photograph of the document.

18. Further, upon closer examination, Ms. Nario discovered that the photographed birth certificate did not contain a document number, which birth certificates are required to have.

19. Because she could not truthfully attest to the statement, Ms. Nario could not certify the I-9.

20. Defendant had one of Ms. Nario's co-workers in Human Resources certify the I-9, using the prospective employee's social security number, even though Defendant did not have a copy of the prospective employee's social security card, as is required for the I-9 certification.

21. Concerned about Defendant's disregard for the I-9 certification process, Ms. Nario contacted the United States Citizenship and Immigration Service (USCIS) on July 17, 2020 for an advisory opinion on what had just occurred.

22. USCIS confirmed that Defendant had acted in violation of the I-9 certification requirements and that Ms. Nario's co-worker had perjured herself when certifying the prospective employee's I-9.

23. Immediately following her conversation with USCIS, Ms. Nario e-mailed Defendant's Human Resources Director Tonya Spivey, alerting her of Defendant's illegal I-9 verification process. A copy of Ms. Nario's July 17, 2020 e-mail is attached hereto as Exhibit A.

24. Ms. Spivey told responded that Ms. Nario was incorrect and that Defendant's processes were compliant with the applicable laws. A copy of Ms. Spivey's response to Ms. Nario is attached hereto as Exhibit B.

25. Based on Defendant's insistence that its illegal policies were correct, Ms. Nario sought out to review other aspects of Defendant's business to ensure that they were in compliance with all applicable laws and regulations.

26. On July 21, 2020, Ms. Nario leaned that Defendant was not registered or in good standing in several states where it had a number of employees, including Tennessee and Kentucky.

27. Ms. Nario e-mailed Defendant about her findings at 4:40 p.m. on July 21, 2020.

28. At 4:55 p.m., Ms. Spivey summoned Ms. Nario back to her office, at which point she fired her for "trying to find problems with the company."

## COUNT I – FALSE CLAIMS ACT
**Violation of the False Claims Act, 31 U.S.C. § 3730(h)**

29. The allegations contained in the preceding paragraphs are incorporated herein by reference as if fully set forth.

4

30. Ms. Nario is an "employee" and Defendant is an "employer" as the terms are defined by the FCA.

31. Ms. Nario engaged in protected activity when she would not comply with Defendant's illegal and improper I-9 certification process and reported the same to USCIS and Defendant's management.

32. Defendant knew that Ms. Nario engaged in activity protected by the FCA.

33. Defendant, knowing that Ms. Nario was engaging in such activity, fired her because of this protected conduct.

34. To redress harms she suffered as a result of Defendant's acts and conduct in violation of 31 U.S.C. § 3730(h), Ms. Nario is entitled to damages, including two times the amount of back pay, interest on back pay, and compensation for any special damages, including emotional distress and any other damages available by law including litigation costs and reasonable attorneys' fees.

## **COUNT II – WRONGFUL DISCHARGE**

35. The allegations contained in the preceding paragraphs are incorporated herein by reference as if fully set forth.

36. It is North Carolina's public policy to ensure that workers be properly verified for authorization to work in the United States, that statements made under penalty of perjury be truthful, and that companies not participate in illegal conduct.

37. Ms. Nario refused to participate in an unlawful act when she refused to perjure herself on the I-9 certification pursuant to Defendant's policies and practice.

38. Ms. Nario also engaged in activity protected by law when she reported the false I-9 certification process and Defendant's pursuit of business in states where it was not registered.

39. Ms. Nario's employment was terminated because she engaged in this protected activity and she refused to participate in this unlawful activity.

40. As a direct and proximate result of Defendant's conduct, Ms. Nario has suffered and continues to suffer severe mental anguish and emotional physical distress.

41. Ms. Nario has incurred and continues to incur lost wages, loss of earning capacity, medical expenses, and other damages in an amount to be proven at trial.

WHEREFORE Plaintiff Vanessa Nario respectfully requests that this Honorable Court enter judgment in her favor and award her the following relief:

1. That all issues of fact raised by this pleading be tried by a jury;
2. That she recover of Defendant compensatory damages in an amount to be proved at trial;
3. That she recover punitive damages in an amount to be determined by the jury;
4. That she be awarded reasonable attorneys' fees and costs;
5. That she recover pre-judgment and post-judgment interest on all amounts awarded herein; and
6. That she recover all other relief which this Honorable Court deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted, this the 29th day of December, 2020.

BY: _____
JOSEPH D. BUDD
N.C. Bar No. 44263
OSBORN GAMBALE BECKLEY & BUDD PLLC
3801 Lake Boone Trail, Suite 400
Raleigh, North Carolina 27607
joe@counselcarolina.com
T: 919.373.6422
F: 919.578.3733